**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4417**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

HECTOR VILLAREAL-URRUTIA, a/k/a Hector Josue Urrutia, a/k/a Hector Villareal, a/k/a Hector Jose Villareal-Urrutia,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Kenneth D. Bell, District Judge.  (3:20-cr-00396-KDB-DSC-1)

_____

Submitted:  December 5, 2022              Decided:  June 8, 2023

_____

Before KING, QUATTLEBAUM, and RUSHING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** W. Rob Heroy, GOODMAN, CARR, LAUGHRUN, LEVINE & GREENE PLLC, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hector Villareal-Urrutia pleaded guilty to possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Villareal-Urrutia to 66 months' imprisonment. Villareal-Urrutia now appeals, challenging the district court's calculation of his advisory Sentencing Guidelines range. We affirm.

Villareal-Urrutia first argues that the district court erred in applying a base offense level of 20 under U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2018). The district court applied that provision because Villareal-Urrutia committed the instant offense after sustaining a felony conviction for a "crime of violence," that is, North Carolina common law robbery. Villareal-Urrutia maintains, however, that North Carolina common law robbery is not a "crime of violence" as defined in USSG § 4B1.2(a). But we held to the contrary in *United States v. Gattis*, 877 F.3d 150, 156 (4th Cir. 2017), ruling that the offense is a "crime of violence" under the enumerated offenses clause of the Guidelines' "crime of violence" definition, USSG § 4B1.2(a)(2). And we later held in *United States v. Dinkins*, 928 F.3d 349, 355-57 (4th Cir. 2019), that North Carolina common law robbery is a "violent felony" under the force clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i), which is identical to the force clause of the Guidelines' "crime of violence" definition, USSG § 4B1.2(a)(1). *See United States v. King*, 673 F.3d 274, 279 n.3 (4th Cir. 2012) ("We rely on precedents evaluating whether an offense constitutes a 'crime of violence' under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a 'violent felony' under the [Armed Career Criminal Act].").

2

While Villareal-Urrutia contends that subsequent decisions of this court undermine those holdings, we have long recognized that "one panel cannot overrule another" and that if a later panel opinion conflicts with an earlier panel opinion, the earlier panel opinion controls "unless the prior opinion has been overruled by an intervening opinion from this court sitting en banc or the Supreme Court." *McMellon v. United States*, 387 F.3d 329, 333 (4th Cir. 2004) (en banc). Based on that well-established principle, we reject Villareal-Urrutia's suggestion that *Gattis* and *Dinkins* are no longer binding precedent, and we conclude that the district court properly applied USSG § 2K2.1(a)(4)(A) in calculating Villareal-Urrutia's base offense level.

Villareal-Urrutia next argues that the district court clearly erred in applying a four-level enhancement under USSG § 2K2.1(b)(6)(B) based on its finding that Villareal-Urrutia possessed the firearm in connection with another felony offense: attempted discharge of a firearm into an occupied vehicle. The district court ruled that the enhancement applied after hearing testimony from an investigating officer who interviewed the driver of the vehicle. The driver told the officer that he passed Villareal-Urrutia, who was on foot, and recognized him. The driver thought about giving Villareal-Urrutia a ride and looked in the rearview mirror to confirm that the person he saw was Villareal-Urrutia. While looking in the rearview mirror, the driver observed Villareal-Urrutia pull out a firearm, point it in the direction of his vehicle, and fire. The driver also heard two gunshots. The officer estimated that the driver was about 250 feet away from Villareal-Urrutia when the shots were fired. The district court credited the driver's statement and found that Villareal-Urrutia attempted to discharge a firearm into

3

the occupied vehicle, which constitutes a felony under North Carolina law. *See* N.C. Gen. Stat. § 14-34.1(a).

Villareal-Urrutia asserts that the driver's statement was unbelievable because he could not have seen Villareal-Urrutia fire at him from 250 feet away while looking in the rearview mirror. "In assessing whether a sentencing court has properly applied the Guidelines, we review factual findings for clear error and legal conclusions de novo." *United States v. Thompson*, 874 F.3d 412, 414 (4th Cir. 2017) (internal quotation marks omitted). Our review of the record does not leave us with "a definite and firm conviction" that the district court erred in crediting the driver's statement. *United States v. Manigan*, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted); *see United States v. Conley*, 875 F.3d 391, 400 (7th Cir. 2017) (explaining those "extreme situations" in which court may rule that testimony is "incredible as a matter of law"). We therefore conclude that the district court did not clearly err in applying the four-level enhancement under USSG § 2K2.1(b)(6)(B).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*